# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AEARO TECHNOLOGIES, LLC, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. N23C-06-255 SKR CCLD |
| ACE AMERICAN INSURANCE CO., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING THE PLAINTIFFS' RULE 59(e) MOTION FOR REARGUMENT ON THE COURT'S JULY 15, 2024, MEMORANDUM OPINION AND ORDER RULING ON PLAINTIFFS' AND CERTAIN DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT REGARDING THE PRIMARY INSURERS' DEFENSE OBLIGATIONS.**

Upon consideration of Plaintiffs' Rule 59(e) Motion for Reargument on the Court's July 15, 2024, Memorandum Opinion and Order Ruling on Plaintiffs' and Certain Defendants' Motions for Partial Summary Judgment Regarding the Primary Insurers' Defense Obligations (the "Motion") and the oppositions thereto, the Court finds as follows:

Superior Court Civil Rule 59(e) provides that a party may file a motion for reargument "within 5 days after the filing of the Court's Order or decision."[1]  A

---

[1]  Super. Ct. Civ. R. 59(e).

motion for reargument will be denied unless the Court has overlooked precedent or legal principles that would have controlling effect, or misapprehended the law or the facts such as would affect the outcome of the decision.[2]  Motions for reargument should not be used merely to rehash the arguments already decided by the court.[3]

In its Motion, Aearo[4] argues that the Court did not consider the language of the so-called "savings" clauses of the Royal Surplus Policy and the ACE Policy in finding that 3M's payments to defense costs do not apply to the Self-Insured Retentions of those policies.

While the Court focused its analysis on the Twin City Policy, its reasoning extended to the other two policies as well.  The Court considered the language of each policy at issue, using the Twin City Policy as an example.  The Twin City Policy states that "[i]f the 'self-insured retention' becomes invalid, suspended, unenforceable or uncollectable for any reason, including bankruptcy or insolvency, we shall be liable only to the extent we would have been had such 'self-insured retention' remained in full effect."[5]  The Twin City Policy refers to the invalidity

---

[2]  *Woodward v. Farm Family Cas. Ins. Co.*, 2001 WL 1456865, at *1 (Del. Super. Ct. Aug. 24, 2001).

[3]  *Id.*

[4]  For convenience, the Court refers to the Plaintiffs collectively as "Aearo" unless specificity is required.

[5]  Affidavit of Susan Broin in Support of Plaintiffs' Motion for Partial Summary Judgment on Primary Insurers' Defense Obligations ("Broin Aff."), Ex. 2 ("Twin City Policy") at 19 of 39 (§ IV.9) (D.I. 150).

and uncollectibility of the Self-insured Retention "for any reason."  Similarly, the Royal Surplus Policy refers to the *unavailability* of the Self-Insured Retention "for any reason."  And the ACE Policy refers to the possibility of Aearo's "inability, failure, or refusal to pay the 'Self-Insured Retention.'"[6]  The Twin City's language referring to the Self-Insured Retention's uncollectibility *for any reason* encompasses the meaning of the clauses in the other two Policies, thus obviating the need to specifically analyze the ACE Policy and Royal Surplus Policy.

Accordingly, the Court ruled that Aearo has "not shown that any of the policyholders were unable to pay the Self-Insured Retention due to the retention's lack of availability, collectability, invalidity, or suspension."[7]  The reference to the Self-Insured Retention's lack of "collectability" was a nod to the Twin City Policy, and "availability" to the other two Policies.[8]  The Court therefore considered the relevant language in the Twin City Policy and ACE Policy.

The Court's reasoning as to the Twin City Policy also applied to the other Policies.  The reason Aearo provided for the Self-Insured Retention's "lack of collectability" and "availability" was Aearo's decision to not set up a bank account

---

[6]   Broin Aff., Ex. 9 ("ACE Policy") at 40 of 69 (§ IV.I.1).

[7]   *Aearo Techs. LLC v. ACE Am. Ins. Co.*, 2024 WL 3495121, at *8 (Del. Super. Ct. July 16, 2024).

[8]   *Id.*

for the other Aearo entities.[9]  The Court rejected this explanation in part because "Plaintiffs provide no reason why the other Aearo entities were unable to set up their own accounts."[10]  Aearo's decision to not set up an account was tantamount to saying that it simply chose to ignore its obligation to pay the Self-Insured Retention.  Doing so, however, was in direct conflict with its obligation under the Twin City Policy to "do whatever is required, including provision of sufficient funds, to maintain the 'self-insured retention' in full effect during the currency of this policy."[11]

The Court did not so explicitly explain in its opinion but does so now—Aearo's alleged refusal to pay the Self-Insured Retention also conflicted with its obligations under the Royal Surplus Policy and ACE Policy that Aearo— not 3M— pay the Self-Insured Retention.  Under the Royal Surplus Policy and ACE Policy, costs paid by 3M do not count towards the Self-Insured Retention.[12]  Neither the "savings" clauses in the ACE Policy nor the Royal Surplus Policy modify this obligation.  Indeed, the ACE Policy's so-called "savings clause" expressly states that even if Aearo refused to pay the Self-Insured Retention, Aearo "will continue to be

---

[9]  *Id.*

[10]  *Id.*

[11]  ACE Policy at 40 of 69 (§ IV.I.1).

[12]  *See Aearo Techs. LLC.,* 2024 WL 3495121, at *6 ("Under the express language of the Royal Surplus, Twin City, Liberty and ACE Policies, costs paid by 3M do not count towards the Self-Insured Retention. The Royal Surplus, Twin City, Liberty and ACE Policies provide that either "you" or the "insured" must pay the Self-Insured Retention.").

responsible for the full amount of the 'Self-Insured Retention.'"[13]  Whether that is in the form of a setoff or not, the payments satisfying the Self-Insured Retention would come from Aearo, not 3M.  These so-called "savings" clauses say nothing about crediting the payments of a third-party to the satisfaction of the Self-Insured Retention.  Aearo's arguments are therefore unavailing.

**IT IS HEREBY ORDERED this 26ᵗʰ Day of August,** that the Motion is **DENIED**.

_____
**Sheldon K. Rennie, Judge**

---

[13]  ACE Policy at 40 of 69 (§ IV.I.1).